ARTHUR CARTER HUME, as Receiver of BABYLON RAILROAD COMPANY, Appellant, v. WALLACE E. J. COLLINS, as Receiver of HUNTINGTON RAILROAD COMPANY and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Jaycox, Manning, Kelby and Young, JJ.

In the Matter of the Petition of ANNA BARBARA BENNETT, to Prove the Last Will and Testament of FRANK BENNETT, Late of the County of Kings, Deceased. CHRISTINA GRAF and Others, Appellants; ANNA BARBARA BENNETT, Executrix, etc., Respondent.— Order of the Surrogate's Court of Kings county unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ.

In the Matter of the Petition of WILLIAM F. CAMPBELL, Respondent, to Render and Settle His Account as Sole Surviving Executor of ALEXANDER CAMPBELL, Deceased. HERBERT BOOTH KING and Another, Appellants.— Order of the Surrogate's Court of Kings county denying application for an order vacating consent to withdrawal of objections to account, affirmed, with ten dollars costs and disbursements. We think the learned surrogate was right in his decision, *first*, because the appellants were guilty of inexcusable laches in making the application; *second*, because their action in withdrawing the objections to the account was deliberate, under advice of counsel, and there is no charge of fraud or overreaching as against their interests; and, *third*, on the faith of their withdrawal of their objections the executor has distributed the estate under the will and each of the appellants has accepted the legacy bequeathed under the will, and has since sold and transferred the stock bequeathed. The distribution of the estate was made as directed in the will, and the claim advanced by the appellants is inconsistent with such distribution accepted by them; and *fourth*, the facts disclosed by the papers show that there was no valid gift *inter vivos* of the stock in question. The certificates were never delivered to the appellants. The testator handed them to his son to be placed in the safe, and testator stated that he would later tell him what to do with them. The testator did later tell him what to do with them by the directions in his will thereafter executed. The fact that his son, who was the custodian of the certificates, without authority from the testator, noted an alleged transfer of the certificates to the appellants, in no way validated the gift. Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ., concur.

In the Matter of the Judicial Settlement of the Accounts of ADELHEID STEENGRAFE, as Executrix, etc., of CLAUS STEENGRAFE, Deceased, Respondent. DIEDRICH STEENGRAFE and Others, Appellants; W. P. JOBSON & COMPANY, Respondent.— Decree of the Surrogate's Court of Kings county unanimously affirmed, without costs. No opinion. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

MARY JONES, Respondent, v. PETER McCLEES, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ.